### BEUTHIEN *v.* ALBERTS.

BROKERS—REAL ESTATE—COMMISSIONS—CONTRACTS.

In an action by a real estate broker against several persons doing business as a partnership, to recover commissions on the sale of land, a judgment against the partners jointly is reversed; Mr. Justice McALVAY, with whom concur Justices HOOKER, MOORE, and CARPENTER, writing for reversal, on the ground that the contract, such as it was, was made by the individual partner who owned the land, and there was no evidence to support a joint judgment; and Chief Justice GRANT writing for reversal on the ground that, under the contract shown by plaintiff, his exclusive option had terminated before the sale made by defendants.

Error to Wexford; Chittenden, J.   Submitted June 11, 1908.   (Docket No. 81.)   Decided September 10, 1908.

Assumpsit by Enewold A. Beuthien against Frank Alberts, Roy E. Alberts, and Earl Alberts, copartners as F. Alberts & Sons, for commissions on the sale of certain land.   There was judgment for plaintiff, and defendants bring error.   Reversed.

*Stephen H. Clink*, for appellants.

*F. O. Gaffney* (*Henry Miltner*, of counsel), for appellee.

McALVAY, J. This case is before us upon writ of error to review a judgment rendered against defendants after a trial before the court without a jury. Findings of fact and conclusions of law were made and filed. The errors assigned are upon exceptions (1) to the findings of fact; (2) to the conclusions of law; (3) to the admission or rejection of evidence upon the trial. Defendant Frank Alberts was the owner of certain timber lands in Missaukee county. He was in business with his sons, and, although it appears he alone had any interest in these lands, yet some of the letters between the parties were signed in the firm name. Plaintiff sued the members of the firm.

It will not be necessary to give all the correspondence between the parties concerning the lands in question. Whatever occurred before the letter of December 8, 1905, is immaterial, except as showing that plaintiff was interested in making a sale of the land in question. The former authority had lapsed by limitation. The letter referred to is as follows:

"MUSKEGON, MICH., 12–8–05.
"E. A. BEUTHIEN,
    "Lake City, Mich.
"*Dear Sir:* My son just told me of your 'phoning to me today in regard to the lands in Pioneer. I will say I have written you only yesterday in regard to them, but will say if you can sell them any time for cash during this month, I will make the price to you at the sum of thirty dollars ($30.00) per acre net, as I think you have put in some work and thought on the proposition and I want you to make a sale if you can. This price is for the two descriptions. Hoping to hear from you in regard to it soon, I remain,
        "Respectfully yours,
            "F. ALBERTS."

The letter which on the part of the defense is claimed

to have waived any and all right to act further in the matter is as follows:

"LAKE CITY, MICH., December 23, 1905.
"F. ALBERTS & SON,
      "Muskegon, Mich.

"*Dear Sir:* I didn't succeed in selling the Pioneer lands yesterday. The parties offer $25 per acre. Undoubtedly your buyers are some men that I have tried to deal with. I have asked $6,500 for the tract and it is worth it. Should it be that you don't sell it, I would like permission to show it to another party. I am in position to exchange some timber for some timber near your camp. Do you wish to buy in that locality? It is nice hemlock.
                              "Yours truly,
                                "E. A. BEUTHIEN."

On December 27th following defendant Frank Alberts made a sale of the land. Plaintiff claims that he had an exclusive option or refusal from defendants to buy, or make sale of, these lands during the entire month of December, and brought suit to recover from defendants the difference between the price agreed upon and the price for which he claims he had negotiated a sale. The defense was that plaintiff did not have the exclusive authority to make a sale, that he recognized this in his letter of December 23d, and waived all such right thereby. He recovered judgment for the full amount claimed against all of the defendants.

The court was in error in finding as a matter of fact that the agreement was made by defendants jointly and as a conclusion of law rendering a judgment against all of them. The land was owned by defendant Frank Alberts, and the writing in the case upon which plaintiff must rely was signed by him individually. There was no evidence in the case upon which to base the finding. Other questions raised need not be considered.

The judgment of the circuit court is reversed, and a new trial ordered.

HOOKER, MOORE, and CARPENTER, JJ., concurred.

GRANT, C. J.   I concur in reversing the judgment in this case.   I prefer, however, to place my reason for reversal upon the conclusion that plaintiff did not have the exclusive option for the month of December either to buy or sell the lands.   I think this is conclusively shown by his letter of December 23d, stating that he had not succeeded in selling them, and that he was offered only $25 per acre, and making a request of the defendants for permission to show the lands to another party, provided the defendants did not sell them.   This letter, in effect, said to the defendants and to Mr. Frank Alberts, who was sole owner of the lands, that the plaintiff had abandoned all attempt to make a sale under the authority he then had.   The defendants so construed the letter, and sold the lands on the 27th.